Henderson, Judge.
 

 Where the subject matter of a grant is within the power of the publick officer who makes it, the grant shall not be invalidated w hen it comes only incidentally before the Court (as in a trial of ejectment) by any thing
 
 dehors
 
 the grant. But I cannot bring myself to believe, if the cause of its nullity is apparent upon its face, that the Court must shut its eyes against the defect, and declare the grant to be valid. But if in such case, parol or other evidence
 
 dehors
 
 the grant is offered, it should be rejected $ not because the grant if true is not sufficient to avoid it, but that the party comes unprepared to resist or to controvert it. But where the validity of a patent
 
 *232
 
 is put in issue
 
 ex directo,
 
 as on a
 
 scire facias
 
 to repeal it* there such fact may be proved by any competent evidence j nor is the doctrine first advanced above, at all impugned in those cases where patents for new inventions upon trials at law are declared void
 
 ;
 
 for the patent, or its Substance, is stated in the pleadings, and therefore its validity comes
 
 ex directo
 
 before the Court. For this reason, I think the parol evidence was properly rejected, and that the rule for a new trial should be refused.
 

 By the Court. — Rule discharged.